# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:16-CR-00069-LJO-SKO |
| Plaintiff, | **ORDER DENYING MOTION TO SUPPRESS CONTENTS OF CELL PHONE SEARCH AND THE FRUITS THEREOF FILED BY MARKEITH CANADY** |
| v. | |
| **MARKEITH CANADY,** | |
| Defendant. | (ECF Nos. 320, 326) |

The Court has received and reviewed Defendant Markeith Canady's Notice of Motion and Motion (ECF No. 320), Supplement to Notice of Motion and Motion (ECF No. 326), the Government's Opposition, including Exhibit A (ECF No. 410), and Defendant Canady's Reply (ECF No. 414) and Supplemental Reply (ECF No. 416), including all attachments. For the reasons set forth below, the Motion is DENIED.

## I. FACTUAL BACKGROUND

On October 29, 2014, Defendant Canady was sentenced in Fresno County Superior Court for violating California Vehicle Code § 20001(a) (felony hit and run). He was given a suspended sentence, and placed on probation under court-ordered conditions. One of his probation conditions required him

1

to:

> Submit person and property, including financial records, vehicles, computers, handheld electronic and *cellular devices*, and place of abode/known residences to search and seizure at any time of the day or night by probation officers or any other law enforcement officer, with or without a warrant.

(ECF No. 410-1 ("Ex. A") at 3 (emphasis added).) Defendant also pled guilty to three felonies in Orange County on May 1, 2014: (1) inflicting great bodily harm in violation of California Penal Code § 12022.7, (2) human trafficking in violation of California Penal Code § 236.1(a), and (3) conspiracy to commit pimping in violations of California Penal Code § 182/266h. (ECF No. 410 at 1.) He was sentenced to 15 years in prison, with the execution of his sentence suspended. (ECF No. 320-1.)[1]

On November 18, 2015, Fresno County Probation officers attempted to search Defendant's cell phone. (ECF No. 416-1 (Bates # 77637).) However, Defendant refused to provide the passcode to the phone and they were therefore unable to access the cell phone's contents. (*Id.*) Probation officers seized the phone. (*Id.*) The next day, Defendant met with Deputy Probation Officer Katherine Heinen, and was advised that failing to provide the passcode might result in a violation of his probation. (*Id.*) Defendant then provided the passcode.[2] (*Id.*) Fresno County Probation officers examined the contents of the cell phone and determined that further investigation was required. (*Id.*)

On December 1, 2015, Canady's probation officer, Ryan Sanders, contacted FPD Officer Annette Arellanes and indicated that he believed Canady was involved in prostitution activity. (ECF No.

---

[1] Defendant's Orange County probation conditions required him to submit "[his] person and property, including any residence, premises, container or vehicle under [his] control, to search and seizure at any time of the day or night by any law enforcement officer, probation officer, or mandatory supervision officer, with or without a warrant, probable cause, or reasonable suspicion." (*Id.* at 6-7.) The probation conditions for Canady's Orange County conviction do not specifically mention cell phone searches. Defendant therefore contends, under *United States v. Lara*, 815 F.3d 605, 612 (9th Cir. 2016), that the searches were unreasonable. Because the Court concludes that the search was reasonable under the totality of the circumstances taking into account Defendant's Fresno County probation conditions, which explicitly allow for cell phone searches, the Court need not reach the question of whether the search of Canady's cell phone was reasonable under his Orange County probation conditions.

[2] Defendant provided the passcode as "300." Probation officers subsequently discovered, through trial and error, that the passcode was actually "3000."

316-16, Bates # 34526-27.) Probation Officer Sanders told Officer Arellanes that he was in possession of Canady's cell phone and that she could pick it up and review the contents. (*Id.*) Officer Arrellanes retrieved the phone from Probation Officer Sanders. (*Id.*) FPD Sergeant Andre Benson, who was conducting an ongoing case involving Canady, advised Officer Arellanes that a search warrant would be authored for the cell phone. (*Id.*) There is no indication that a search warrant was ever obtained.

On December 7, 2015, FPD Detective Martin delivered Canady's cell phone to Officer Jim Lutter of the FPD forensic lab. (*Id.*) According to Officer Lutter's report, he received the passcode, which was required to access the stored data in the phone, from Detective Martin. (*Id.*) The lab conducted a forensic analysis of the phone, and provided a DVD of the report to Detective Martin. (*Id.*)

Defendant does not suggest that the evidence uncovered during the search was used to obtain the wiretaps related to this case, nor is there any indication that any evidence obtained from the search, either directly or derivatively, will be used during trial.

## II. DISCUSSION

Defendant contends that the cell phone searches violated his Fourth and Fifth Amendment rights, and therefore moves to suppress contents of the cell phone searches and the fruits thereof.

**A.     Fourth Amendment**

Defendant contends that the warrantless searches of his cell phone were unreasonable under the Fourth Amendment. The Government counters that Defendant's probation conditions explicitly subjected him to unannounced searches of cellular phone, and that the searches were reasonable given Defendant's status as a probationer.

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend IV. The touchstone of all Fourth Amendment analysis is reasonableness, and the reasonableness of a search is determined by weighing the degree to which it intrudes on an individual's privacy against the legitimate government interests in the search. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The reasonableness of the search is assessed under "the totality of the circumstances." *United States v.*

3

*Knights*, 534 U.S. 112, 118 (2001); *United States v. King*, 736 F.3d 805, 808 (9th Cir. 2013).

A probationer's reasonable expectation of privacy is "significantly diminished." *Knights*, 534 U.S. at 119-20. In *Knights*, the Supreme Court upheld the warrantless search of defendant's apartment where law enforcement had a reasonable suspicion that the defendant was engaged in criminal activity. *Id.* The search was conducted pursuant to the terms of defendant's probation which authorized searches of his residence "with or without a search warrant, warrant of arrest or reasonable cause." *Id.* at 114. Balancing the intrusion on defendant's privacy against the government's legitimate interest in the search, the court concluded that the search was reasonable under the totality of the circumstances, with "the probation search condition being a salient circumstance." *Id.* at 118.

In *King*, the Ninth Circuit held that the suspicionless search of probationer's premises was permissible where the defendant, a violent felon, had accepted a suspicionless search condition as part of the probation agreement. 736 F.3d at 810. The court noted that the sentencing judge had "determined that it was necessary to condition the probation on his acceptance of the search provision," that the probation order "clearly expressed" the condition, and that the defendant was "unambiguously informed" of it. *Id.* Weighing defendant's diminished privacy interest against the government's interest in discovering criminal activity and protecting potential victims, and taking into account defendant's probation conditions, the court concluded that the search was reasonable. *Id.*

Here, Canady, as a probationer, had a significantly diminished privacy interest. Moreover, the sentencing judge ordered Canady to submit to unannounced and warrantless cell phone searches as a condition of his probation. (Ex. A at 3.) Candy accepted probation under the conditions ordered by the judge, and affirmed his understanding by signing his name below the following statement: "I have received a copy of these instructions and accept probation/supervised release on these conditions." (*Id.* at 8.) The Government had a strong interest in searching his cell phone given that he was on probation for several serious felony offenses, some of which related to human trafficking and pimping, and he was suspected of being engaged in similar activity. *See Knights*, 534 U.S. at 121 (officers who have

4

reasonable suspicion may validly search a probationer).

Canady cites *United States v. Lara*, 815 F.3d 605, 612 (9th Cir. 2016), for the proposition that the warrantless searches of his cell phone violated his Fourth Amendment rights. In *Lara*, the Ninth Circuit held that the warrantless search of defendant's cell phone was unreasonable under the Fourth Amendment because the defendant was not subject to a cell phone search as a condition of probation, defendant had been convicted of a nonviolent drug offense, and probationer's only violation was that he had missed a meeting with his officer. *Id.* However, *Lara* is clearly distinguishable. Here, Canady's probation conditions explicitly encompassed warrantless, suspicionless searches of his cell phone. *Knights*, 534 U.S. at 119-20. Furthermore, Canady was suspected of being involved in prostitution activity. Unlike Lara, who was a non-violent drug offender not suspected of being engaged in further criminal activity, Canady had already been convicted of prostitution offenses in the Orange County case, was serving a suspended sentence for those offenses, and was suspected of having reoffended. In light of all of these factors, the Court concludes that the warrantless searches of Canady's cell phone were reasonable under the Fourth Amendment.

Defendant also cites *United States v. Consuelo-Gonzalez* for the proposition that probation search conditions must be reasonably related to rehabilitation of the offender and protection of the public.[3] 521 F.2d 259, 261 (9th Cir. 1975) (en banc). However, as the *Lara* court explained, *Consuela-Gonzalez* simply explains that probationers do not forfeit all of their Fourth Amendment rights by agreeing to probation conditions. 815 F.3d at 609. The ultimate inquiry is still the reasonableness of the search under the totality of the circumstances. *Id.* As the Court explained above, the search was reasonable in light of Defendant's crimes, the Government's need to protect the community and enforce the law, and the conditions of probation.

---

[3] Defendant also suggests that *Consuela-Gonzales* stands for the proposition that the "special and unique interests of probation authorities in invading the privacy of probationers . . . d[o] not extend to law enforcement officers generally." (ECF No. 326 at 2.) In *Knights*, the Supreme Court explicitly rejected the notion that the warrantless search of a probationer satisfies the Fourth Amendment only if it is conducted by a probation officer monitoring a probationer's compliance with probation conditions. 534 U.S. at 117.

5

**B.     Fifth Amendment**

Defendant also argues that his Fifth Amendment privilege against self-incrimination was violated when a probation officer instructed him to provide his cell phone password. According to an email produced in discovery, Defendant was informed by Fresno County Probation that failing to provide his cell phone passcode could result in a violation of his probation conditions. (Bates # 77637.)

The Fifth Amendment to the United States Constitution protects "a person . . . against being incriminated by his own compelled testimonial communications." *Fisher v. United State*s, 425 U.S. 391, 409 (1976). For the privilege to apply, the communication must be compelled, testimonial, and incriminating in nature. *Id.* at 408. The exclusionary rule prohibits introduction of evidence obtained in violation of the Fifth Amendment, as well as evidence derivative of the illegally obtained evidence, so-called "fruit of the poisonous tree." *United States v. Blue*, 384 U.S. 251, 255 (1966).

Assuming, without deciding, that Defendant has demonstrated that the production of his cell phone passcode was compelled and testimonial, Defendant has not demonstrated that the communication of his passcode was incriminating. Canady does not argue that law enforcement obtained any incriminating information through the search of his cell phone. Indeed, neither party has identified what content was recovered from Canady's cell phone at all. The Government indicates that they are not aware of any evidence recovered from the cell phone searches, and will not seek to introduce any evidence obtained from those searches at trial. Defendant does not allege that any evidence contained in the wiretap affidavits in this case was derived from the searches of Canady's cell phone. Likewise, the Government indicates that they have reviewed the wiretap affidavits and have not located any mention of any information obtained from Canady's cell phone. Defendant asks this Court to determine whether his Fifth Amendment rights were hypothetically violated by the cell phone search. The Court declines to engage in such speculation. *Seattle Times Co. v. U.S. Dist. Court for W. Dist. of Washington*, 845 F.2d 1513, 1519 (9th Cir. 1988) ("the time for protection will come when, if ever, the government attempts to use the information against the defendant at trial, . . . or if the government

attempts to use any information derived from the facts revealed.") (internal citations and quotation marks omitted).

**CONCLUSION AND ORDER**

Defendant Canady's Motion to suppress the contents his cell phone searches and the fruits thereof (ECF No. 343) is DENIED.

IT IS SO ORDERED.

Dated: **October 12, 2017**        /s/ Lawrence J. O'Neill
                                   UNITED STATES CHIEF DISTRICT JUDGE